ON MOTION FOR REHEARING
PER CURIAM.
Our opinion reversing and remanding this cause for a new trial was predicated upon a motion of appellant to reverse, which alleged that appellant’s request for a jury instruction on penalties had been properly preserved for appeal. The state in its response contended otherwise. Appellee in its motion for rehearing contends that our opinion reversing this cause and thereby ruling that the question was preserved for review conflicts with this Court’s opinion (by another panel of this Court) in Washington v. State, 392 So.2d 599 (Fla. 1st DCA 1981). The records of the two cases in relation to the question of whether or not the request for instructions was preserved for review are quite similar, and we have reconsidered our ruling sub judice. Here, the court, rather than defense counsel, Mr. Bodiford, brought up the question of penalty instructions as follows: “Do you request the court to give the penalty section to each of these crimes?” To which Mr. Bodiford responded: “Yes, sir.” Then the following colloquy ensued:
THE COURT: That motion is denied on the grounds it is contradictory to the *436 other charge of the court to the jury about the consequences of their vérdict. The penalty should not enter into their verdict at all. Therefore, I refuse to give the instruction on penalty following that great jurist by the name of Hugh M. Taylor, who also refused to give penalty and thus changed the law.
Are there any objections to the charges to be given or any request for additional charges?
MR. PAULK: None from the state, Your Honor.
MR. BODIFORD: None from the defendant, Your Honor.
THE COURT: Other than what the court indicated about penalty.
Florida Rule of Criminal Procedure 3.390(d) provides:
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
Not only did defendant not state the grounds for his request for the jury instructions, but when asked by the trial court if he had any objections, he stated that he had none. While the court added “other than what the court indicated about penalty,” that statement is meaningless because the record shows that appellant made no objection. We, therefore, rule on rehearing that the question was not preserved for appeal.
Our previous reversal and remand is vacated, and appellant’s motion to reverse and remand for a new trial is denied. This appeal shall proceed in accordance with the Florida Appellate Rules.
McCORD, ROBERT P. SMITH, Jr., and ERVIN, JJ., concur.